UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HUDSON YARDS CONSTRUCTION LLC,                :       Index No:
                                              :
                    Plaintiff,                :
                                              :
      -against-                               :       **VERIFIED PETITION**
                                              :       **FOR REMOVAL**
BUILDING AND CONSTRUCTION TRADES              :
COUNCIL OF GREATER NEW YORK AND               :
VICINITY and GARY LaBARBERA,                  :
                                              :
                    Defendants.               :
------------------------------------------------------------------------X

To the Judges of the United States District Court for the Southern District of New York:

1. On or about March 8, 2018, an action was commenced by the plaintiffs against the defendants by Summons and Complaint in the Supreme Court of New York, New York County, entitled HUDSON YARDS CONSTRUCTION LLC v. BUILDING AND CONSTRUCTION TRADES COUNCIL OF GREATER NEW YORK AND VICINITY and GARY LABARBERA, Index Number 151986/2018. A copy of the "Summons and Complaint" with annexed exhibits is attached hereto as Exhibit "A". Upon information and belief, said Exhibit "A" constitutes all pleadings and orders filed to date in said action. Attached hereto as Exhibit "B" is a copy of the Notice of Filing of the Petition for Removal filed with the Supreme Court of the State of New York, New York County, and the affidavit of service.

2. The timing requirements of 28 U.S.C. § 1446(b) have been satisfied in that the Notice of Removal has been filed with this court prior to the expiration of thirty (30) days after service of the Complaint.[1]

3. Defendant, BUILDING AND CONSTRUCTION TRADES COUNCIL OF GREATER NEW YORK AND VICINITY ("BCTC") is apparently being sued in its capacity as an umbrella organization comprised of local labor unions and district councils affiliated with 15

---

[1] As of the date of this filing, neither the BCTC, nor Mr. LaBarbera have been served in the State Court action.

National Trades Unions affiliated with North America's Building Trades Unions, representing 100,000 New York City construction workers. The BCTC provides coordination and support to its affiliated local unions in order to achieve a unified effort on behalf of organized construction workers with respect to governmental affairs, the improvement of working conditions, and community and economic development that provide work opportunities for our affiliates' members. The BCTC is also apparently being sued in its capacity as an entity that negotiated and executed the Project Labor Agreement ("PLA") covering specified work at the Eastern Railyards portion of the Hudson Yards development as well as an advocate for PLAs generally. The BCTC's principle offices are located at 71 West 23rd Street, New York, N.Y.

4. Defendant GARY LABARBERA ("LABARBERA"), is a resident of the State of New York and is apparently being sued in his representative capacity as President of the BCTC. See Exhibit "A" at ¶102. LABARBERA and the BCTC shall be collectively referred to herein as the Defendants.

5. The Plaintiff, HUDSON YARDS CONSTRUCTION LLC ("HYC"), is an employer engaged in an industry affecting commerce within the meaning of Section 2 of the N.L.R.A., as amended, 29 U.S.C. §152. HYC is a Delaware limited liability company registered and authorized to do business in the State of New York with a principle place of business located at 60 Columbus Circle, New York, N.Y.

6. The underlying Complaint arises from a labor dispute. At least fifty-three (53) of the one-hundred and four (104) allegations in the Complaint discuss alleged violations of a PLA negotiated and entered by and between HYC and the BCTC and its local affiliated unions. See Exhibit A, Complaint, at ¶'s 3, 4, 23, 25-72, 76 and 77. The Complaint alleges that under the PLA, the BCTC had an obligation to supervise construction of the Eastern Railyard Portion of the project. See id. at ¶ 3. The PLA itself is attached as Exhibit B to the Complaint. The Complaint goes as far as to allege that the PLA has been repudiated. Id. at ¶ 4. These allegations all arise from the PLA and require interpretations of the PLA. Section 301 of the Labor Management Relations Act completely preempts state law causes of action for alleged breaches

of a project labor agreement. 29 U.S.C. §185; see also Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968).

7.     Plaintiff's Complaint alleges that the action is brought to "remedy extraordinary damage being caused by the BCTC and its President, LaBarbera, to HYC." See Exhibit "A", Complaint, at ¶1. Notably, the only factual allegations supporting any alleged claim for damages arise from alleged violations of the PLA.

8.     Plaintiff's Complaint is also subject to removal and federal question jurisdiction pursuant to §303 of the LMRA. 29 U.S.C. §187 and 29 U.S.C. §158(b)(4). Plaintiff alleges that the BCTC's conduct is part of an "effort to force HYC into signing a new PLA…" See Exhibit A at ¶79. It alleges that the BCTC has "hampered HYC and its unionized trade contractors in their effort to promote union labor and secure work based on the merits of their proposal." Id. at ¶80. The Complaint alleges that the BCTC has induced, encouraged, and threatened other unions to prevent those unions and their contractors from entering agreements with HYC. Id. at ¶'s 80, 81, 82, 84, 85, 89 and 90.

9.     On its face the Complaint alleges causes of action against the Defendants for Tortious Interference with Prospective Economic Advantage and Defamation. These allegations are based on alleged efforts by the BCTC to "force all Unions to refrain from entering into any agreement for work at 50 Hudson Yards unless HYC agrees that the entire building is to be constructed by Union laborers. See Exhibit "A", Complaint, at ¶79. As the basis for its claims, the Complaint relies on allegations of conduct that is arguably protected by Section 7, or prohibited by Section 8 of the National Labor Relations Act. Among other things, the Complaint alleges that the BCTC threatened, coerced, or induced other persons to stop doing business with the Plaintiff.

10.    The Complaint alleges activity by the BCTC "of the sort that courts have found to be preempted and removable. "Allstate Interiors, Inc. v. United Bhd. Of Carpenters & Joiners of Am., 10 Civ. 2861, 2010 U.S. Dist LEXIS 94509 (S.D.N.Y. 2010)(internal cites omitted). "[S]tate law has been displaced by §303 [of the LMRA] in private damage actions based on

[alleged] peaceful union secondary activities." See Teamsters, Chauffeurs & Helpers Union v. Morton, 377 U.S. 252 (1964). Although the Complaint alleges causes of actions for State law torts; HYC cannot avoid Federal Question jurisdiction through artful pleading. See Allstate Interiors, Inc., 10 Civ. 2861, 2010 U.S. Dist LEXIS 94509 at *8-9 (citing Franchise Tax Bd. V. Constr. Laborers Vacation Trust, 464 U.S. 1, 12 (1983). This matter concerns issues of Federal Question jurisdiction under §§301 and 303 of the LMRA and is one which may be removed by defendants pursuant to the provisions of 28 U.S.C. §§1441.

11. In addition to federal question jurisdiction, this Court also has diversity jurisdiction as Plaintiff is a Delaware limited liability company, Defendants reside in the State of New York, and the amount in controversy exceed $75,000.

12. Attached to this petition as Exhibit "B" is a copy of the notice of removal filed with the Clerk of the Supreme Court, New York County, and served upon counsel for the plaintiffs.

**WHEREFORE**, for the above reasons, the defendants ask that this action, pending against it in the Supreme Court of New York, New York County, be removed therefrom to this Court and for such other and further relief as to this Court seems just, equitable and proper.

Dated: Woodbury, New York
March 16, 2018

Respectfully submitted,

COLLERAN, O'HARA & MILLS L.L.P.
Attorneys for Defendants

By: _____
CAROL O'ROURKE PENNINGTON (CP-0594)
MICHAEL D. BOSSO (MB-3941)
100 Crossways Park Drive West, Suite 200
Woodbury, New York 11797
(516) 248-5757