

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN F. MILLS (1939-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL
JOHN S. GROARKE*
MICHAEL D. BOSSO

STEPHANIE SUAREZ
STEVEN G. FARKAS**
ALICIA M. SHOTWELL
WILLIAM R. REINKEN*
THOMAS P. KEANE***
GLENN A. KREBS +

PARALEGALS
LAURA A. HARRINGTON
KRISTINE M. MURPHY
LILLY PIAZZA
LAURA E. NASTRO

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN WASHINGTON, D.C.
***ALSO ADMITTED IN NEW JERSEY AND CONNECTICUT
+ OF COUNSEL

March 20, 2018

**Filed via ECF**
The Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., room 2260
New York, N.Y. 10007-1312

      RE:    Request for Pre-Motion Conference
                   Hudson Yards Construction, LLC v. Building and Construction
                   Trades Council of Greater New York & Vicinity and Gary LaBarbera
                   Index No: 18-cv-02376 (GHW) (DCF)

Dear Judge Woods:

       Our office represents the defendants Building and Construction Trades Council of Greater New York & Vicinity ("BCTC") and Gary LaBarbera ("LaBarbera")(collectively referred to herein as "Defendants") in the above referenced matter. The purpose of this correspondence is to respectfully request: 1) a pre-motion conference as Defendants seek leave of this Court to file a Pre-Answer Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b); and 2) an extension of Defendant's time to answer until twenty (20) days after receipt of the Order on the FRCP 12(b) motion. As of the date of this correspondence, Defendants have not been served in the underlying action. Our office contacted opposing Counsel, William Wachtel, Esq., and our adversary does not consent to our request.

       The Complaint and the surrounding press that Hudson Yards Construction, LLC ("HYC" or "Plaintiff") has generated makes clear that there is a labor dispute between the parties regarding the Development of the Hudson Yards Project ("Project"). The underlying action is part of HYCs aggressive efforts to quash free speech and discredit the BCTC and Mr. LaBarbera. HYC, the BCTC, and the BCTC's local affiliated Unions are parties to a Project Labor Agreement ("PLA") setting forth terms and conditions of employment for skilled trades persons employed at the Eastern Rail Yards portion of the Project. The Complaint alleges various "violations" of the PLA and sets forth two state law tort claims arising from a labor dispute regarding the next phase of the project at 50 Hudson Yards and the Western Railyards. Such claims are preempted by Federal Labor Law, the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA") and must be dismissed.

      **I.**    **Plaintiff's Cause of Action for Tortious Interference with Prospective Economic Advantage Must be Dismissed in its Entirety as Preempted.**

       Plaintiff's cause of action alleging tortious interference with prospective economic advantage must be dismissed in its entirety as such state law tort claims are preempted by Section 303 of the LMRA. See Teamsters, Chauffeurs & Helpers Union v. Morton, 377 U.S. 252, 260

(1964); Allstate Interiors, Inc. v United Bhd. Of Carpenters & Joinders of Am., 10 civ 2861, U.S. Dist. LEXIS 94509 (S.D.N.Y. Sept. 10, 2010). The allegations of the Complaint outline a labor dispute between the BCTC and Hudson Yards Construction LLC ("HYC"). Plaintiff alleges that the BCTC's "apparent goal is to force HYC to sign another Project Labor Agreement with the BCTC...." See Complaint at ¶9. Additionally, Plaintiff's claim must be dismissed as it fails to allege that any of the alleged unlawful actions were ratified or authorized by the affiliates and members of the BCTC. See Martin v. Curran, 303 N.Y. 276, 282 (1951).

Even if Plaintiff attempted to plead a Cause of Action under Section 303, the Complaint would still be subject to dismissal. Section 8(b)(4)(i) and (ii) of the NLRA proscribes certain coercive conduct that is unlawful if pursued for the unlawful objects set forth in subsections (A), (B) and (D) of that section. 29 U.S.C. §158(b)(4). The statute requires both unlawful conduct and an unlawful object and Plaintiff must plead them with sufficiency. Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council, 485 U.S. 568, 578 (1988); Capitol Awning Co., Inc. v. Local 137 Sheet Metal Workers Int'l Ass'n, 698 F. Supp. 2d 308, 323 (E.D.N.Y. 2010). Plaintiff provides no factual assertions regarding the unlawful conduct or an unlawful objective as Plaintiff's own allegations demonstrate the existence of protected speech and lawful conduct in the context of a lawful primary labor dispute.

## II. Plaintiff's Cause of Action for Defamation must be dismissed in its Entirety as Such Claim is Preempted and Defendants Failed to State A Cause of Action upon which Relief can be Granted.

Plaintiff's cause of action for defamation must be dismissed because the alleged defamatory statements constitute protected free speech under the First Amendment of the United States Constitution and Section 7 of the NLRA. See Linn v. United Plant Guard Workers, 383 U.S. 53 (1966). The Complaint alleges that the claimed defamatory statements were made at labor protests and rallies challenging HYC's decision not to enter a PLA or utilize all Union Labor at 50 Hudson Yards or the Western Railyard. See Complaint at ¶'s 72, 76, 78, 79, 95-97. Furthermore, Plaintiff has failed to properly allege reputational injury or any actual damages. Finally, the alleged statements are not defamatory as a matter of law and the Complaint's allegations that such statements were uttered with actual malice are conclusory at best.

## III. Federal Labor Law Does Not Provide for Punitive Damages.

The preemptive effects of Section 304, as discussed above, extend to claims for punitive damages and any recovery for alleged business losses are limited to actual compensatory damages. Monarch Long Beach Corp. v. Soft Drink Workers, Local 812, 762 F.2d 228 (2d Cir. 1985); Teamsters v. Morton, 377 U.S. at 260-61.

## IV. Causes of Action Alleging Violations of a Labor Agreement Are Preempted by Section 301 of the LMRA.

At least fifty-three (53) of the one-hundred and four (104) allegations in the Complaint discuss alleged violations of a PLA negotiated and entered by and between HYC and the BCTC and its local affiliated unions. See Complaint, at ¶'s 3, 4, 23, 25-72, 76 and 77. The Complaint alleges that under the PLA, the BCTC had an obligation to supervise construction of the Eastern Railyard Portion of the project. See id. at ¶ 3. The PLA itself is attached as Exhibit B to the

Complaint. The Complaint goes as far as to allege that the PLA has been repudiated. Id. at ¶ 4. These allegations all arise from the PLA and require interpretations of the PLA. Section 301 of the LMRA completely preempts state law causes of action for alleged breaches of a project labor agreement. 29 U.S.C. §185; see also, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968).

### V.  Plaintiff's Claims Against Defendant LaBarbera must be Dismissed in their Entirety as LaBarbera is not a Proper Defendant.

Plaintiff's Complaint appears to allege that it is bringing action against Mr. LaBarbera in his representative capacity. However, to the extent the Complaint alleges any claims against Mr. LaBarbera in his individual capacity, such claims must be dismissed in their entirety as neither § 301 nor § 303 of the LMRA provides a right of action against an individual Union member or officer. See 29 U.S.C. §§185 and 187. As such, this Court lacks jurisdiction over Mr. LaBarbera in his individual capacity. Additionally, Plaintiff has failed to state a claim against Mr. LaBarbera upon which relief can be granted. Dismissal of a complaint for failure to state a claim pursuant to FRCP 12(b)(6) is proper where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999); Carrasquillo v. City of NY, 324 F. Supp. 2d 428, 433 (S.D.N.Y. 2004).

Section 303 of the LMRA clearly and expressly subjects a Plaintiff's right to commence an action in federal court alleging violations of 29 U.S.C. §158(b)(4) to the limitations and provisions set forth in 29 U.S.C. §185. See 29 U.S.C. §187. Individual Union members, officer, and agents are expressly immune from personal liability arising from money damages suits under 29 U.S.C. §185(b). See 29 U.S.C. §185(b)(emphasis added); see also, Iodice v. Calabrese, 345 F.Supp. 248, 259-262, 270 (S.D.N.Y. 1972), *aff'd in part, rev'd in part,* 512 F.2d 383 (2d Cir. 1975); R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1, I.L.G.W.U., 789 F. Supp. 127, 133 (S.D.N.Y. 1992). As such, Plaintiff's claims against Mr. LaBarbera must be dismissed in their entirety.

### Conclusion

Based on the arguments set forth above, Defendants BCTC and LaBarbera respectfully request a: 1) a pre-motion conference as Defendants seek leave of this Court to file a Pre-Answer Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b); and, assuming Defendants are served in the underlying action, 2) an extension of Defendant's time to answer until twenty (20) days after receipt of the Order on the FRCP 12(b) motion.

Very truly yours,

COLLERAN, O'HARA & MILLS L.L.P
Attorneys for Defendants

By: _____
CAROL O'ROURKE PENNINGTON

cc: William Wachtel, Esq. via UPS Overnight
Alan Vinegrad, Esq. via UPS Overnight