I3UQHUDc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  HUDSON YARDS CONSTRUCTION LLC

4              Plaintiff

5           v.                         18 Civ. 2376 (GHW)
                                       Premotion Conference
6  BUILDING & CONSTRUCTION TRADES
   COUNCIL of GREATER NEW YORK
7  and VICINITY, et ano.

8              Defendants

9  ------------------------------x
                                       New York, N.Y.
10                                     March 30, 2018
                                       3:20 p.m.
11
   Before:
12
                    HON. GREGORY H. WOODS
13
                                    District Judge
14
                         APPEARANCES
15
   WACHTEL MISSRY LLP
16      Attorneys for Plaintiff
   MARC LITT
17 EVAN WEINTRAUB

18      -and-

19 COVINGTON & BURLING LLP
        Attorney for Plaintiff
20 PHILIP A. IRWIN

21

22 COLLERAN O'HARA & MILLS LLP
        Attorneys for Defendants
23 CAROL O'ROURKE PENNINGTON
   MICHAEL D. BOSSO
24

25

I3UQHUDc

1          (Case called)

2          DEPUTY CLERK:  Counsel, please state your names for

3    the record.

4          MR. LITT:  Mark Litt, Evan Weintraub and Philip Irwin

5    for plaintiff, Hudson Yards Corporation.

6          THE COURT:  Thank you.  Good afternoon.

7          MR. LITT:  Good afternoon.

8          MS. PENNINGTON:  Good afternoon, your Honor.

9          Carol Pennington and Michael Bosso from Colleran

10   O'Hara & Mills for the defendant.

11         THE COURT:  Good.  Thank you very much.  Good

12   afternoon.

13         I scheduled this conference to discuss principally in

14   my view the anticipated motion to remand.  I would like to

15   focus on that.  I thank counsel for your expedition in

16   preparing premotion conference request letters with respect to

17   that issue so that we could address it here today.

18         Is there anything else the parties would like to make

19   sure we discuss during this conference?  My agenda is

20   principally to discuss the motion for remand and assume that we

21   will proceed with it to schedule a briefing on the motion to

22   remand.  I think that that is the gating issue given that if I

23   do not have jurisdiction, I don't have jurisdiction

24         MR. LITT:  We would agree with that, your Honor.  I

25   would further say that I think there's a gating issue with

1    respect to the motion, and it's partially a factual one and

2    partially a legal one, and that is the question of whether BCTC

3    is a labor organization.

4            THE COURT:  That is my first question for them on the

5    303 issue.

6            MR. LITT:  I think it also applies to the 301 issue

7    and I think the diversity basis is not a legitimate ground for

8    the reasons we set forth in the papers, but I just want to flag

9    the issue of potentially the need for discovery in connection

10   with that factual issue given defendant's prior representations

11   in a different case about what the nature of BCTC is.

12           THE COURT:  Thank you.  Understood.

13           Is there anything else that plaintiff would like to

14   make sure we discuss during this conference?

15           MR. LITT:  No.

16           THE COURT:  Thank you.

17           Counsel for defendant.

18           MS. PENNINGTON:  Your Honor, with respect to the labor

19   organizations styles, we do have an oral argument, but also in

20   addition to what we plan to discuss, you know, based on the

21   decision on remand, we would like to discuss, you know, the

22   time to answer or move after that as well.

23           THE COURT:  Thank you very much.  Good.  So let's

24   discuss the proposed motion.

25           Counsel, I've read your letters.  Still sometimes it

1    can be helpful for me to hear a short statement of the issues

2    that you expect to raise in the motion.  As I say, I've read

3    your letters, but if there is anything that you would like to

4    say to me to either supplement or emphasize from those letters,

5    I will give you the opportunity to do so now.

6              Counsel for plaintiff.

7              MR. LITT:  Just very briefly.  I would say on the

8    diversity question, because defendant is from New York, they're

9    not entitled to remove based on diversity under 28 U.S.C.

10   1441(b)(2) because the defendants are from the state in which

11   we filed the action initially.  And even if they were, there is

12   not complete diversity in this case given that Hudson Yards

13   Corporation is an LLC that is comprised in part by a member or

14   members from New York, and the burden is on the party that's

15   seeking to invoke federal jurisdiction to prove otherwise.

16             It's not fair or it's not the law to say that we

17   should have somehow pointed it out in our complaint because,

18   after all, we chose to file our action in state court.

19             Beyond that, you know, we view this as a business

20   dispute that relates to the tort claims that we brought.  The

21   grounds on which removal are sought require that the defendants

22   be a labor organization or an agent of a labor organization.

23   We've set forth the reasons why we believe that's not the case,

24   and we make a series of alternative arguments in our papers

25   that I think are fairly straightforward where even if the Court

1    were to find that those preemption doctrines applied where

2    given the nature of the claims that we've made, it's not

3    appropriate and remand is appropriate in this case

4              THE COURT:  Thank you very much.

5              Counsel for defendants, let me hear from you.  As

6    you've heard, one of the principal questions is whether BCTC is

7    a labor organization.  I would like to focus on that.  There is

8    also the question whether and to what extent plaintiff's claim

9    require an interpretation of the PLA with respect to the 301

10   argument.  But I would like to hear whatever you can tell me

11   now about the labor organization point.

12             MS. PENNINGTON:  Well, your Honor, plaintiffs cite to

13   a case that we had several years ago in another 303 case where

14   we took the position that we were not a labor organization

15   because we didn't represent employees directly.  Essentially,

16   that position was rejected in that case, and there have been

17   developments over the last several years which lead us to

18   rethink that position.  And also, your Honor, in this very case

19   the Project Labor Agreement defines the Building & Construction

20   Trades Council and also includes language that recognizes the

21   Building & Construction Trades Council along with its

22   affiliated local unions as the exclusive collective bargaining

23   representatives of the employees working on the Hudson Yards

24   project and covered by that PLA, so we think that that

25   provision in the PLA is --

I3UQHUDc

1          THE COURT:  Thank you.  Can you point me to that,

2     please?

3          MS. PENNINGTON:  That is in -- I don't know what the

4     article number is, but we'll gather it for you.  I believe it's

5     Article 4 of the PLA.  It's usually at Article 4.  Article 4,

6     page 14, which is the union recognition clause.

7          THE COURT:  I have it.

8          MS. PENNINGTON:  Your Honor, over the course of the

9     last several years, the Building & Construction Trades Council

10    has entered into hundreds of PLAs that includes similar

11    language; and in light of the fact that we do that regularly

12    and we process grievances that also entail some

13    employee-related matters including discipline and other things,

14    you know, whatever position we took three years ago, we have

15    revisited that position, your Honor.

16         THE COURT:  Thank you.

17         MS. PENNINGTON:  And I think --

18         THE COURT:  Can I just ask, the Eastern District case

19    seemed to rely heavily on an NLRB decision that is many, many

20    decades old which goes to the question related to how you

21    expect to demonstrate to the Court that the entity constitutes

22    a labor organization.  I'm not sure that I'm willing to accept

23    that nothing has changed since the NRB's assessment of what it

24    is that the organization does.  How is it that you expect to

25    demonstrate to the Court that your client is a labor

I3UQHUDc

1   organization?

2           MS. PENNINGTON:  Well, your Honor, we file all

3   reporting requirements for labor organizations, we file LM2

4   reports with the Department of Labor, and we file all reports

5   required of labor organizations.  We negotiate contracts

6   regularly, including Project Labor Agreements.  In fact, this

7   complaint indicates that we negotiated this PLA on behalf of

8   the affiliated unions who represent all of the employees

9   performing construction on the project covered by the PLA.  So,

10  are there factual issues with respect to our status?  There

11  might be.  However, your Honor, I think that the complaint

12  itself reflects, and the PLA that's attached to the complaint

13  reflects, that we are indeed a labor organization.

14          THE COURT:  Thank you.

15          MS. PENNINGTON:  The complaint talks about how --

16          THE COURT:  May I ask, has the organization

17  structuring of the BCTC changed since 1961?

18          MS. PENNINGTON:  In terms of its bylaws, no, it hasn't

19  changed in terms of its bylaws, but what it does and how it

20  functions has changed significantly.

21          THE COURT:  Thank you.  Do delegates from the union

22  participate in the BCTC?

23          MS. PENNINGTON:  Yes.  We have an executive board and

24  we have a delegates meeting every month.  The council is made

25  up of delegates from all of the affiliated local unions.

I3UQHUDc

1          THE COURT:  Thank you.  Do employees participate

2      directly in BCTC?

3          MS. PENNINGTON:  Employees do not participate directly

4      in the business of the BCTC, but we have over the last several

5      years processed grievances on behalf of and with and for

6      employees that are working under Project Labor Agreements.

7          THE COURT:  Thank you.  Given that, what's the basis

8      for the argument that it is a labor organization?

9          MS. PENNINGTON:  I'm sorry?

10          THE COURT:  What's the basis for contending that it's

11      a labor organization?

12          MS. PENNINGTON:  Well, I think all of those factors,

13      your Honor, establish that it's a labor organization both under

14      the National Labor Relations Act, the Labor Management

15      Relations Act, as well as the Labor Management Reporting and

16      Disclosure Act.

17          THE COURT:  Thank you.  So does BCTC deal directly

18      with HYC or other employers regarding grievances?

19          MS. PENNINGTON:  Yes, your Honor.

20          THE COURT:  Thank you.  Fine.

21          So is there anything else that you would like to tell

22      me on that point, and, in particular, as the party seeking

23      removal, I think that you bear the burden of demonstrating

24      that.  How is it that you expect to demonstrate the fact that

25      BCTC is or qualifies as a labor organization for purposes of

I3UQHUDc

1      the 303 analysis in particular?

2              MS. PENNINGTON:  Well, your Honor, in terms of the

3      pleading itself, I think the pleading itself includes facts

4      that indicate that we are.  The pleading itself talks about how

5      we negotiated the PLA with Hudson Yards; that we drove the

6      issues with respect to the PLA; that we are engaged in a labor

7      dispute.  The entire complaint describes a labor dispute with

8      the Council and also, your Honor, they have acknowledged in the

9      complaint that there are grievances that they have filed under

10     this PLA that they have processed with and through the Building

11     & Construction Trades Council.

12             THE COURT:  Thank you.  So your expectation is that in

13     briefing this, the Court will evaluate that threshold question

14     based on the facts pleaded in the complaint and the attachment

15     to the complaint.

16             MS. PENNINGTON:  And the attachment to the complaint,

17     yes, your Honor.

18             THE COURT:  Thank you.  And the defendants don't

19     expect to put additional information before the Court in order

20     to substantiate the claim that they constitute a labor

21     organization.

22             MS. PENNINGTON:  Well, your Honor, we could do that.

23     However, we're in the awkward position where we also want to

24     move to dismiss if the case remains in federal court.  So, in

25     order to do that, you know, we were going to rely on the

I3UQHUDc

1    pleading so that we weren't going outside of the pleadings, but

2    if we had --

3             THE COURT:  Thank you.  That's fine.  I understand

4    what it is that you expect to do.

5             I will just ask the parties to be mindful of who bears

6    the burden with respect to these issues at this procedural

7    stage in the case.  What you choose to put in front of me in

8    connection with the application is the threshold issue that you

9    can decide.

10            Based on the proffer by defendants, however, I'd like

11   to come back to the question posed by counsel for the plaintiff

12   at the outset; namely, the extent to which discovery is

13   appropriate regarding this question.  I understand that

14   defendants do not expect to put facts in front of me in

15   connection with this motion.  How does that inform your

16   suggestion, counsel for plaintiff?

17            MR. LITT:  Well, I don't think there are facts in the

18   complaint or in the record that defendants intend to rely on

19   that meet the definition of a labor organization when you look

20   at the strict words of the statute and what it means to be a

21   labor organization.  The sine qua non is that it must be an

22   organization in which employees participate and all the other

23   things come after that.  And it's not clear -- there is no

24   evidence in the record that employees participate.  If the

25   Court agrees with that, we would see no need for discovery, and

I3UQHUDc

1      I think the Court could decide today that on the basis of the

2      record that they are not a labor organization.

3                  THE COURT:  Thank you.

4                  So let's talk about the schedule for briefing this

5      motion.  I'm not going to spend much time talking about the 301

6      issue.  I recognize the parties' competing views about the

7      extent to which the Court's construction of the PLA is at issue

8      in this case, whether or not it is at issue or whether or not

9      it's purely described for context as asserted by plaintiffs.

10                 Counsel for plaintiff, when would you propose to file

11     your motion?

12                 MR. LITT:  Well, I think statutorily we have 30 days

13     from the time of the notice of removal.  I'm, frankly, not sure

14     if that time has been tolled by our premotion letters here

15     or -- I mean, 30 days from today if that's acceptable to -- if

16     that doesn't breach a statutory bar would be fine.

17                 THE COURT:  Thank you.

18                 Counsel for defendants, what's your view?

19                 MS. PENNINGTON:  I'm sorry, sir, I couldn't hear you.

20                 THE COURT:  The question is what is your view

21     regarding plaintiff's proposal that their remand can be filed

22     30 days from today?

23                 MS. PENNINGTON:  30 days is fine, your Honor.

24                 THE COURT:  Good.  Thank you.  So I will accept that

25     proposal, and will direct that the plaintiff's motion for

I3UQHUDc

1    remand be filed no later than April 30, which is approximately

2    a month from today.  I'm tempted to make it May 1, which is

3    Labor Day in Mexico, but we will have the motion be due on

4    April 30.

5           Counsel, for defendants how much time do you think

6    that you need in order to oppose the motion?

7           MS. PENNINGTON:  I think 21 days after that, your

8    Honor.

9           THE COURT:  Good.  Thank you.

10          Counsel for plaintiff, what's your view regarding that

11   proposal?

12          MR. LITT:  That's fine.  That's acceptable.

13          THE COURT:  Good.  Thank you.

14          So the schedule for this motion follows the moving

15   brief will be due no later than April 30.  Any opposition will

16   be due no later than 21 days following service of the motion.

17   Any reply will be due no later than one week following seven

18   days following service of the opposition.

19          Now, let's talk about the deadline for the defendants

20   to answer or otherwise respond to the complaint.  Counsel for

21   defendants, what's your proposal?

22          MS. PENNINGTON:  We would like 20 days after the

23   decision on the motion to remand.

24          THE COURT:  Thank you.

25          Counsel for plaintiff, what's your view?

I3UQHUDc

1          MR. LITT:  That's acceptable to us.

2          Could I briefly be heard on the reply time given

3     Memorial Day weekend intervenes in that week?

4          THE COURT:  Thank you very much.  I hadn't observed

5     that.

6          MR. LITT:  If we could have a couple more days, that

7     would be appreciated.

8          THE COURT:  Thank you.  Give me one moment.  Thank

9     you.  I see that.

10          Counsel for defendants, would you mind if I set a two

11     week turnaround time for reply given the holiday?

12          MS. PENNINGTON:  No, your Honor.

13          THE COURT:  Thank you.

14          So I'm modifying the briefing schedule.  The motion

15     itself will be due on the 30th.  Any opposition due three weeks

16     after that and any reply no later than two weeks following

17     service of the opposition.  I will order that the deadline for

18     the defendants to answer or otherwise respond to the complaint

19     be set to the date that is 20 days following the Court's

20     decision on the motion to remand.  I will try to decide that

21     promptly, understanding that I'll be presented with a

22     relatively clear set of issues that the parties have already

23     articulated relatively clearly in your letters.  I hope that I

24     can turn to this relatively promptly.

25          Good.  Anything else for us to discuss in this

I3UQHUDc

1   conference, counsel?

2            MR. LITT:  Not from plaintiff.

3            THE COURT:  Good.  Thank you.

4            Counsel for defendants?

5            MS. PENNINGTON:  No.  Thank you, your Honor.

6            THE COURT:  Good.  Thank you all very much.

7            This proceeding is adjourned.

8            (Adjourned)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25